UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MANIKANDAN UMAPATHY,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

CASE NO. 2:26-cv-01315-BAT

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Petitioner is a citizen and national of India who was re-detained by the Department of Homeland Security on April 8, 2026, and is presently detained at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 at 1-2. Petitioner claims he has a final order of removal, was previously released on an Order of Supervision ("OSUP") and was re-detained without notice or a hearing in violation of Due Process. *Id.* He also argues he is detained under 8 U.S.C. § 1231 and that his detention violates Due Process because there is no likelihood of his removal in the reasonably foreseeable future. *See* Dkt. 1 at 3; *see Zadvydas v. Davis*, 533 U.S. 678 (2001).

Petitioner now moves for a temporary restraining order ("TRO") enjoining his transfer outside of the district or his removal from the country pending further order of the Court and immediately releasing him from custody and restoring him to the conditions of his prior OSUP. Dkt. 4-1 at 2-3. For the below reasons, petitioner's motion for a TRO (Dkt. 4) is DENIED.

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 1

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (refusing to separately consider a TRO after a preliminary injunction as "our analysis is substantially identical for the injunction and the TRO.").

In response to the increased volume of immigration-related habeas corpus petitions, the Court published General Order 10-25 on December 18, 2025, to establish procedures for petitions for writ of habeas corpus under 28 U.S.C. § 2241. For TROs, this General Order aims to "reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition." W.D. Wash. Gen. Ord. 10-25 at 3. TROs "should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." *Id*; *see also Winter* 555 U.S. at 20.

To receive a TRO, petitioner must establish (1) he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Here, petitioner has not established he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Petitioner argues his re-detention, and continued detention, violates his Fifth Amendment right to due process, yet he does not otherwise provide specific facts "alleg[ing] imminent, irreparable harm, such as imminent removal from the United States." W.D. Wash. Gen. Ord. 10-25 at 3.

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 2

As stated in *Winter*, "a possibility of irreparable harm" is insufficient for preliminary injunctive relief. 555 U.S. at 22; *see also Flores Torres v. Wamsley*, No. 2:25-CV-02687-LK, 2025 WL 3754250 at *2 (W.D. Wash. Dec. 29, 2025) (rejecting counsel's argument that petitioner was "'at risk'" of being transferred out by claiming previous clients had been transferred). Petitioner does not allege any facts to indicate that he is likely to be imminently removed.

The standard scheduling order provided by the General Order, W.D. Wash. Gen. Ord. 10-25, Ex. 1, which this Court entered in the present matter, Dkt. 3, also requires respondents provide petitioners and their counsel "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States." Dkt. 3. In this case, a TRO preventing the petitioner's transfer or removal is premature. Furthermore, petitioner's request for immediate release seeks the same relief sought and is based upon the same grounds for that relief presented in his underlying habeas petition. *See* W.D. Wash. Gen. Ord. 10-25 at 3 (noting the aim of the order was to "reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition.").

Petitioner has not shown imminent harm is likely, *Winter*, 555 U.S. at 20, 24, and his concerns on removal and transfer are addressed by General Order 10-25 which requires respondents to provide notice prior to transferring or removing petitioner from this District.

//

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 3

The petitioner's emergency motion for a temporary restraining order, Dkt. 4, is DENIED without prejudice (allowing for filing of a TRO motion if circumstances change, and the criteria of *Winter* are satisfied).

DATED this 17th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER - 4